# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BOBBY BARNES and § | |
| SHARON BARNES, § | |
| § | CIVIL ACTION NO. |
| Plaintiffs, § | |
| v. § | SA-08-CV-0939 FB |
| § | |
| HERMELINDA GARZA, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Fred Biery
United States District Judge

This report and recommendation recommends remanding this case, or in the alternative, dismissal for want of prosecution. Previously, the district judge referred to me defendant Hermelinda Garza's motion to proceed in forma pauperis.[1] Section 1915(e) provides for sua sponte dismissal of an in forma pauperis proceeding if the court finds that the case is frivolous.[2] Garza's pleadings indicate her case is frivolous because Garza seeks to challenge a state-court judgment.

Garza provided a proposed "notice of removal" with her motion to proceed in forma

---

[1] Docket entry # 1.

[2] 28 U.S.C.A. § 1915(e). *See Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (affirming dismissal of pro se plaintiff's Title VII claim under section 1915(e)); *Gant v. Lockheed Martin Corp.*, 152 Fed. App'x 396, 397 (5th Cir. 2005) (affirming dismissal of non-prisoner's claim under section 1915(e)). *But see Allen v. Fuselier*, No. 01-30484, 2001 WL 1013189, at *1 (5th Cir. 2001) (determining that section 1915(e)(2)(B)(i) & (ii) do not apply to an INS detainee because he is not a prisoner under the Prison Litigation Reform Act and then affirming the dismissal of the detaine's claim under Federal Rule of Civil Procedure 12(b)(6)).

pauperis. Because the proposed notice indicated Garza seeks to challenge a state-court judgment, I construed the "notice of removal" as an attempt to appeal the state-court judgment. I issued a show-cause order, explained that the Rooker-Feldman doctrine precludes a collateral attack on a state-court judgment, and directed Garza to address jurisdiction.[3] In the order, I warned Garza that her case would be dismissed if she failed to respond to the show-cause order. Garza did not respond to the show-cause order. Because she did not respond, and because the district court lacks jurisdiction, I recommend denying Graza'a motion to proceed in forma pauperis and remanding this case to state court.

In her proposed "notice of removal," Garza stated that she was removing Cause No. 343403 from County Court of Law No. 3, Bexar County, Texas. Garza indicated that Cause No. 343403 was an appeal from an action for forcible detainer (eviction) and that the case began in Justice of the Peace Court, Precinct No. 2, Bexar County, Texas. In Texas, an action for forcible detainer originates in justice-of-the-peace court.[4] If a defendant-tenant receives an unfavorable judgment in justice-of-the-peace court, she can appeal the judgment to a county court of law.[5] I confirmed with the county clerk's office that Cause No. 343403 originated as a action for forcible detainer in justice-of-the-peace court and that the judge for County Court of Law No. 3 entered a judgment against Garza. This information shows that Garza seeks to challenge a state-court judgment in federal court through the use of a removal petition.

Under the Rooker-Feldman doctrine, a federal court lacks jurisdiction to entertain a

---

[3] Docket entry # 3.

[4] Tex. Prop. Code Ann. § 24.004.

[5] Tex. R. Civ. Proc. 749.

collateral attack on a state-court judgment.⁶ The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."⁷ Because Garza seeks to challenge the state-court judgment in Cause No. 343403, the district court lacks jurisdiction and should DENY Garza's motion to proceed in forma pauperis (docket entry # 1) and REMAND this case to County Court of Law No. 3, Bexar County, Texas.

This case can also be dismissed for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure permits the district judge to dismiss a case for failure to prosecute.⁸ I warned Garza in my show-cause order that her case would be dismissed if she did not respond to the show-cause order. I also directed her to provide documents that might show a basis for jurisdiction. Because Garza failed to respond, Garza'a motion to proceed in forma pauperis is appropriately DENIED and the case DISMISSED under Rule 41(b). If the district court denies the motion and dismisses or remands the case, it can DENY Garza's pending motion for appointment of counsel (docket entry # 2) as moot.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a

---

⁶*See Liedtke v. St. Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

⁷*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

⁸*See* FED. R. CIV. P. 41(b) (permitting the defendant to move for dismissal on grounds the plaintiff failed to prosecute his case); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980) (explaining that "a federal district court possesses the inherent authority to dismiss an action for want of prosecution").

"filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[9] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[10] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[11]

**SIGNED** on December 11, 2008.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[9] 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

[10] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[11] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).